# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:15-cv-1127 |
| | ) | Judge Aleta A. Trauger |
| | ) | |
| JOSEPH MCGREGOR ANDREWS; THE | ) | |
| PI KAPPA ALPHA INTERNATIONAL | ) | |
| FRATERNITY, INC.; THE DELTA | ) | |
| EPSILON CHAPTER OF PI KAPPA ALPHA | ) | |
| INTERNATIONAL FRATERNITY, INC.; | ) | |
| and DELTA EPSILON HOUSE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

One of the defendants, Joseph McGregor Andrews, has filed a Motion to Transfer Venue (Docket No. 31), to which the plaintiff, Jane Doe, has filed a Response in Opposition (Docket No. 37), and the remaining defendants – Pi Kappa Alpha International Fraternity, Inc. ("PIKE Fraternity"), the Delta Epsilon Chapter of PIKE Fraternity ("Delta Chapter"), and Delta Epsilon House Corporation ("Delta House Corp.") (collectively, the "Fraternity Defendants") – have filed a Response in Support (Docket No. 39). For the following reasons, the motion will be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On October 27, 2015, the plaintiff – proceeding pursuant to a Protective Order under the pseudonym of Jane Doe – filed a Complaint against Mr. Andrews and the Fraternity Defendants. (Docket No. 1.) The Complaint is primarily based on the allegation that, in April 2015, Mr. Andrews – a member of PIKE Fraternity – assaulted the plaintiff while she was a guest at a

1

party hosted at a house owned by the Delta House Corp. and leased to the Delta Chapter (the "Fraternity House"). Specifically, the Complaint alleges that Mr. Andrews and other fraternity members forced the plaintiff to ingest alcohol during the party and then, at the instigation of other PIKE Fraternity members, Mr. Andrews assaulted the plaintiff in a bathroom of the Fraternity House. (*Id.* ¶¶ 8–24.)

The Complaint brings the following claims against Mr. Andrews: (1) that he falsely imprisoned the plaintiff through the use of drugs and/or alcohol; (2) that he assaulted, battered, and sexually assaulted the plaintiff; and (3) that he recklessly or intentionally inflicted emotional distress on her. (*Id.* ¶¶ 59–77.) The Complaint also brings claims for negligence and gross negligence against the Fraternity Defendants, alleging that: (1) they breached their duty to exercise reasonable care for the plaintiff's safety as an invitee at a social function, and (2) their alleged misconduct, as described in the Complaint, was done with utter unconcern for the safety of others or with conscious indifference for the consequences. (*Id.* ¶ 38–58.) The Complaint requests actual and compensatory damages totaling at least one million dollars, uncapped exemplary and punitive damages, costs, and pre- and post-judgment interest. (*Id.* at p. 15.)

On November 23, 2015, Mr. Andrews filed the pending Motion to Transfer Venue under 28 U.S.C. § 1404(a), seeking transfer of this case to the Eastern District of Tennessee, where the Fraternity House is located and where Mr. Andrews attended school at the University of Tennessee, Chattanooga ("UTC"). (Docket No. 31.) In the Motion, Mr. Andrews argues that transfer is appropriate under 28 U.S.C. § 1404(a) because the alleged sexual assault occurred in Chattanooga, it would be practically and financially inconvenient for witnesses who are students at UTC to attend proceedings in the Middle District of Tennessee, and it is financially inconvenient for Mr. Andrews to prepare a defense in the Middle District when the allegations

2

and principal actions took place in the Eastern District of Tennessee. (*Id.* at pp. 1–2.) The Motion does not, however, identify any specific witnesses who would be inconvenienced by this forum, nor is it accompanied by any supporting exhibits or affidavits.

On December 1, 2015, the plaintiff filed a Response in Opposition to Mr. Andrews' Motion to Transfer Venue, arguing that none of the rationales advanced by Mr. Andrews justifies transfer to the Eastern District. (Docket No. 37.) Specifically, the plaintiff argues that Mr. Andrews has not met his burden of proving that transfer is warranted, because he provides no evidence that (1) specific, material witnesses will be inconvenienced by the plaintiff's choice of forum, or (2) he is sufficiently financially disadvantaged by having to prepare a defense in Nashville that a transfer to Chattanooga is justified. (*Id.* at pp. 2–3.)

On December 2, 2015, the Fraternity Defendants filed a Response in Support of Mr. Andrews' Motion to Transfer Venue. (Docket No. 39.) In their Response, the Fraternity Defendants argue that convenience to both the parties and to non-party witnesses would be greatly increased with a transfer to the Eastern District and that the plaintiff's choice of forum is not entitled to deference because she does not reside in the Middle District. (*Id.* at pp. 2–3.) Like Mr. Andrews' Motion, however, the Fraternity Defendants' Response does not identify any specific witnesses who would be inconvenienced by this forum, nor is it accompanied by any supporting exhibits or affidavits.

On December 4, 2015, the Fraternity Defendants answered the Complaint. (Docket Nos. 40–43.) On the same day, Mr. Andrews filed an Answer that includes a Counter-Complaint against the plaintiff for libel and slander and intentional infliction of emotional distress. (Docket No. 40.) The plaintiff filed a Motion to Dismiss Mr. Andrews' Defenses and Counterclaims on December 16, 2015 (Docket No. 44), and Mr. Andrews filed a First Amended Counter-

Complaint a week later (Docket No. 46). The plaintiff then filed a Motion to Dismiss the First Amended Counter-Complaint (Docket No. 47), but the briefing on this Motion is not yet complete. The court does not consider either of the plaintiff's pending motions in the instant opinion.

## THE PARTIES

The PIKE Fraternity, a Tennessee corporation headquartered in Memphis, is a fraternity that has over 220 chapters and thousands of members throughout the United States and Canada. (Docket No. 43 ¶ 4.) The Delta Chapter is a chapter of PIKE Fraternity and an unincorporated association that operates in Chattanooga, Tennessee. (Docket No. 41 ¶ 5.) The Delta House Corp. is a Tennessee corporation with its principal place of business in Chattanooga, Tennessee. (Docket No. 42 ¶ 6.) The Delta Chapter is located in and operates out of the Fraternity House, which is owned by Delta House Corp. and leased to the Delta Chapter. (*Id.* ¶ 12.) Mr. Andrews was a member of Delta Chapter and a student at UTC at the time of the incident giving rise to this action, and he is currently a resident of the Middle District of Tennessee. (Docket No. 40 ¶ 2.) The plaintiff attends a university in Alabama and is a resident of the State of Texas. (Docket No. 1 ¶¶ 1, 14.)

## ANALYSIS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." With this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002).

In ruling on a motion to transfer venue under § 1404(a), a district court should consider case-specific factors, such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136–37 (6th Cir. 1991)); *accord Kerobo*, 285 F.3d at 537. The Sixth Circuit has suggested that relevant factors to consider include: (1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

The moving party bears the burden of establishing that these factors weigh in favor of transferring venue. *See, e.g.*, *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998); *Blane v. Am. Inventors Corp.*, 934 F. Supp. 903, 907 (M.D. Tenn. 1996). Ordinarily, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese*, 574 F.3d at 320 (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)). As the Fraternity Defendants have noted, however, "when a given action has a limited connection with the forum and is not the plaintiff's residence, the plaintiff's choice is to be afforded less weight than would otherwise be the case." *Am. Guar. & Liab. Ins. Co. v. Crosby Trucking Serv., Inc.*, No. 3:13-cv-00147, 2013 WL 3878953, at *3 (M.D. Tenn. July 26, 2013) (citing *Lisenbee v. FedEx Corp.*, 579 F. Supp. 2d 993, 1007 (M.D. Tenn. 2008)). The weight given to the plaintiff's choice of forum decreases even further where events giving rise to the lawsuit occurred outside the chosen forum. *Id.* Jane

Doe does not reside in the Middle District of Tennessee, and the events giving rise to this lawsuit occurred in the Eastern District. Her choice of forum, therefore, is afforded less weight than we would ordinarily give to a plaintiff's decision.

This is not to say, however, that the plaintiff's choice of forum is given *no* weight. The absence of a high level of deference to the plaintiff's choice of forum does not, on its own, defeat that choice, and the defendants still bear the burden of demonstrating that the private and public interest concerns outlined above weigh in favor of transfer. *See Ajose v. Interline Brands, Inc.*, No. 3:14-cv-1707, 2015 WL 5773080, at *3 (M.D. Tenn. Sept. 30, 2015) ("Perhaps Defendant's most compelling argument is that the Plaintiffs' forum choice should not receive deference because Plaintiffs have no ties to the Middle District of Tennessee. . . . Yet the absence of deference does not alone defeat the Plaintiffs' forum choice; Defendant still bears the burden on a Section 1404(a) motion . . . .").

The defendants have failed to demonstrate that the factors outlined by the Sixth Circuit weigh in favor of transferring this action to the Eastern District of Tennessee. First, the defendants have not shown that the convenience of the parties justifies the transfer. Mr. Andrews states that, despite being a resident of the Middle District of Tennessee, it is financially inconvenient for him to prepare a defense here because "the allegations and principal actions took place in the Eastern District." (Docket No. 31, at p. 2.) While it is true that "the location of the events that gave rise to the dispute" is a relevant factor to consider in evaluating the convenience of the parties, *Sovik v. Ducks Unlimited, Inc.*, No. 3:11-cv-0018, 2011 WL 1397970, at *5 (M.D. Tenn. Apr. 13, 2011), Mr. Andrews has not explained *how* litigating this case in the district in which he resides poses an undue financial burden on him; nor has he submitted any evidence demonstrating that it does. The Fraternity Defendants argue that a

transfer to the Eastern District would "greatly increase[]" their convenience, relying on the fact that Delta Chapter operates and Delta House Corp. has a principal place of business in Chattanooga. (Docket No. 39, pp. 1–2.) Additionally, PIKE Fraternity argues that, even though it is headquartered in Memphis, it "needs to travel to Chattanooga to visit the site" and, therefore, "sees no need in extra travel to Nashville." (*Id.*) Beyond noting where they are respectively located and where the events that gave rise to this dispute are located, the Fraternity Defendants make no argument and offer no evidence demonstrating that litigating this case in Nashville poses an undue financial burden on them or that a trial would be easier or more economical for *all* parties in Chattanooga. *See Nollner v. S. Baptist Convention, Inc.*, No. 3:14-cv-1065, 2014 WL 3749522, at *7 (M.D. Tenn. July 30, 2014) ("Merely shifting the inconvenience from one party to another does not meet Defendant's burden; to succeed in a motion to transfer . . . the movant must show that the forum to which he desires to transfer the litigation is the more convenient one vis a vis the Plaintiff's initial choice." (internal quotation marks omitted) (quoting *B.E. Tech., LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 930–31 (W.D. Tenn. 2013))). The defendants, therefore, have failed to establish that the convenience of the parties weighs in favor of transferring this case to the Eastern District of Tennessee.

Second, the defendants argue that the suit should be transferred to the Eastern District for the convenience of non-party witnesses. Indeed, the convenience of non-party witnesses (as opposed to parties or party witnesses) "is one of the most important factors in the transfer analysis." *Smith v. Kyphon*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008); *accord Zimmer Enters., Inc. v. Atlandia Imps., Inc.*, 478 F. Supp. 2d 983, 991 (S.D. Ohio 2007) ("[T]he convenience of [party] employees will not generally be given the same consideration as is given to other witnesses."). The defendants argue that, because the incident giving rise to this action

7

occurred at a social event at the Fraternity House in Chattanooga, many of the potential witnesses in this suit are UTC students, who would be inconvenienced if they had to testify or participate in proceedings in Nashville. (Docket No. 31, pp. 1–2; Docket No. 39, p. 2.) This argument fails for two reasons. First, the defendants do not identify *any* specific, material witness who they claim will be inconvenienced, even though "the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Smith*, 578 F. Supp. 2d at 963. The Fraternity Defendants argue that it is "too early in this litigation to clearly specify the essential witnesses and outline their general statements" (Docket No. 39, p. 2), but the fact that the defendants cannot clearly identify every essential witness and outline his or her testimony does not excuse the defendants from meeting *their* burden to identify at least *some* non-party witness who would be inconvenienced by this forum.[1] Moreover, the defendants offer no evidence supporting their argument that many of the essential witnesses in this case are currently students at UTC and, therefore, would be inconvenienced by travel to Nashville. The defendants have failed to establish that the people who witnessed the events before and after the alleged assault: (1) were at the party because they were students at UTC and not because they, like the plaintiff, were invited from another school, (2) resided at the time, or currently reside, in Chattanooga, (3) are still students at UTC and have not moved away from Chattanooga since April 2015, or (4) are not, like Mr. Andrews, subject to subpoena in the Middle District. By relying only on generalizations about the witnesses they

---

[1] The Fraternity Defendants' claim that they cannot identify an essential witness at this point in the litigation is particularly weak, given that: (1) even though the Complaint was not filed until October 27, 2015, the underlying events occurred *eight* months ago and have apparently been investigated by the school and the police in the intervening period; and (2) the Complaint discusses certain individuals whose identities the defendants could have discovered (or at least argued that they were *attempting* to discover).

expect will be involved in the case, the defendants have failed to establish that the convenience of any specific non-party witness weighs in favor of transferring this case to the Eastern District of Tennessee.

The defendants do not advance arguments regarding any other interest, private or public, that would warrant transferring this suit to the Eastern District of Tennessee, and the court is not aware of any reason other than those discussed in the parties' briefings. The court concludes, therefore, that the defendants have failed to establish that the concerns that they *do* advance – the location of the underlying events, the convenience of the parties, and the convenience of non-party witnesses – on the whole outweigh the plaintiff's choice of forum. The defendants have failed to meet their burden of demonstrating that transfer of venue is appropriate in this case.

## **CONCLUSION**

For the reasons discussed herein, Mr. Andrews' Motion to Transfer Venue (Docket No. 31) will be denied.

An appropriate order will enter.

                                            ALETA A. TRAUGER
                                            United States District Judge