IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE )
)
v. ) NO. 3-15-1127
) JUDGE CAMPBELL
JOSEPH McGREGOR ANDREWS, )
et al. )

MEMORANDUM

Pending before the Court are Plaintiff's Motion for a More Definitive Statement and Motion to Dismiss Defendant Andrews' First Amended Counter-Complaint (Docket No. 47). For the reasons stated herein, Plaintiff's Motions are DENIED, with the exception of any claims for "continuing defamation," which are dismissed.

INTRODUCTION

This action involves an alleged sexual assault of Plaintiff Jane Doe by Defendant Andrews. Plaintiff has sued Andrews for false imprisonment, assault, and intentional infliction of emotional distress. Defendant Andrews has filed a counter-complaint against Plaintiff Doe. His First Amended Counter-Complaint (Docket No. 46) alleges claims of libel, slander and intentional infliction of emotional distress against Plaintiff Jane Doe. Defendant contends that Jane Doe has published statements, verbally and via electronic communication, falsely stating that she was raped by Defendant Andrews. Defendant avers that not only are these statements false, but also Jane Doe knew they were false when she made them. Defendant claims that as a result of Jane Doe's defamatory statements, he has suffered embarrassment, humiliation, stress, anxiety, damage to his public reputation for character and his standing in the community, and loss of enjoyment of life.

Defendant also asserts that he has suffered actual damages to his academic career and ultimately his professional goals.

Plaintiff has moved to dismiss Defendant's allegations or for a more definitive statement of the allegations against her. Plaintiff contends that Defendant's counterclaims are impermissibly vague. Plaintiff also seeks attorneys' fees and costs for any alleged defamation claims which involved statements to law enforcement and statements made in connection with this lawsuit.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## LIBEL AND SLANDER

Under Tennessee law, the tort of defamation encompasses both libel and slander. *Brown v. Christian Brothers Univ.*, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013). Slander is spoken defamation, and libel is written defamation. *Id.*; *Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876

2

S.W.2d 818, 820 (Tenn. 1994). The basis for an action for defamation, whether it be libel or slander, is that the defamation has resulted in an injury to the person's character and reputation. *Id.*

To establish a *prima facie* case of defamation, a person must prove that: (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Brown*, 428 S.W.3d at 50. Publication means the communication of the defamatory matter to a third person. *Id.* To be actionable, the alleged defamatory statement must constitute a serious threat to the plaintiff's reputation. *Id.* It is reputation which is defamed, reputation which is injured, and reputation which is protected by the law of defamation. *Id.*

Plaintiff argues that the First Amended Counter-Complaint fails to provide Plaintiff sufficient notice of each of the defamatory statements for which Defendant seeks to hold Plaintiff liable. The content or substance of the alleged defamatory statements is simple and clear: that Defendant Andrews raped Plaintiff. Defendant has sufficiently alleged the substance of the challenged statements for purposes of a Motion to Dismiss.

Plaintiff contends that the recipients of the alleged defamatory statements are not clearly identified. The Counter-Complaint identifies Hailey Smith, Kayleigh Palmisano, and Katharine Burch as specific persons to whom Jane Doe "published" the false statements. Defendant Andrews also alleges that Plaintiff made these statements to other, unidentified persons. For purposes of a Motion to Dismiss, Defendant has sufficiently alleged to whom the alleged defamatory statements were made. Pretrial discovery may or may not reveal the identities of more recipients, but the allegations are sufficient at this stage of the litigation.

Plaintiff maintains that Defendant has pleaded the timing of the allegedly defamatory statements in a vague and unfair manner, precluding Plaintiff and the Court from gleaning whether the slander claims are barred by the six-month statute of limitations. Plaintiff contends that the open-ended time frame of Defendant's allegations leaves the door open for Defendant to expand or shift the scope of his defamation claims. Defendant has asserted that Plaintiff has made defamatory statements since April of 2015.

The Court knows of no requirement that a plaintiff (in this case, Defendant Andrews) plead that the alleged actions occurred within the statute of limitations; statute of limitations is a defense, involving facts and often raised at the summary judgment stage. Given the liberal pleading requirements of Fed. R. Civ. P. 8 and the opportunity for extensive pretrial discovery, the Court finds that the First Amended Counter-Complaint adequately alleges when the statements were made for purposes of a Motion to Dismiss.

Next, Plaintiff argues that Defendant's publication allegations are impermissibly tentative. The Counter-Complaint alleges that the slanderous statements were made to at least three individuals and the libelous statements were made "via electronic communication" and "presumably via text message or other written communication." Under the above standards for ruling on a Motion to Dismiss, the Court finds that these allegations have facial plausibility and could give rise to an entitlement to relief.

Plaintiff also contends that Defendant has pled no claim of damages resulting from the alleged statements. As noted above, for defamation claims, it is reputation which is defamed, reputation which is injured, and reputation which is protected by the law of defamation. The First Amended Counter-Complaint alleges that Plaintiff's defamation has resulted in, among other things,

4

damage to Defendant's public reputation for character and standing in the community. This alleged defamation, if true, could constitute a serious threat to Defendant's reputation. These allegations are sufficient at this stage of the litigation.

Plaintiff argues that any defamation could not have caused damages to Defendant's academic career, but that argument concerning causation is for summary judgment or trial, not for a Motion to Dismiss, where the Court must accept all the allegations of the Counter-Complaint to be true. The damages and causal connection alleged are sufficient to survive a Motion to Dismiss. Plaintiff will have the opportunity to depose Defendant Andrews and/or send written discovery to challenge these, and other, allegations as the litigation proceeds.

Plaintiff asserts that any claims of "continuing defamation" should be dismissed. To the extent Defendant has alleged continuing defamation, those claims are not recognized by Tennessee courts and should be dismissed. *Ward v. Knox County Bd. of Educ.*, 869 F.Supp 2d 866, 870 (E.D. Tenn. 2012).

Plaintiff contends that Defendant's slander claims are barred by the applicable statute of limitations. Tennessee law provides that actions for slander must be commenced within six months after the words are uttered. Tenn. Code Ann. § 28-3-103; *Quality Auto Parts*, 876 S.W.2d at 821. Thus, to the extent Defendant Andrews alleges verbal defamation more than six months prior to his Counter-Complaint, any such claims for slander will be barred. The Court cannot determine, however, which specific slander may have occurred outside the six-month period without discovery and further proceedings herein. As noted above, the allegations themselves are sufficient for purposes of this Motion.

5

For these reasons, the Court finds that Plaintiff's Motion to Dismiss should be denied, with the exception of any claims for continuing defamation.

Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress involves conduct which was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012). There should be recovery only for serious or severe emotional injury, which is injury that occurs where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case. *Id.*

Plaintiff argues that Defendant has failed to plead an "outrageous" act or a serious mental injury. Defendant Andrews claims that the alleged defamation was intentional and reckless and has resulted in embarrassment, humiliation, stress, anxiety, damage to his public reputation for character, damage to his standing in the community, loss of enjoyment of life, and depression leading to counseling with a psychologist.

If Defendant Andrews' allegations are true, which the Court must assume for purposes of this Motion, a trier of fact could ultimately find that the alleged defamation was sufficiently outrageous to constitute intentional infliction of emotional distress. Falsely accusing someone of rape is a serious matter, and serious and/or severe resulting injuries have been sufficiently pled for this cause of action at this time.

## MOTION FOR MORE DEFINITE STATEMENT

If a pleading fails to specify its allegations in a manner that provides sufficient notice, the party against whom the allegations are made can move for a more definite statement under Fed. R.

Civ. P. 12(e) before responding. *Equal Employment Opportunity Comm'n. v. FPM Group, LTD*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009). Rule 12(e) provides that a party may move for a more definite statement of a pleading which is so vague or ambiguous that the party cannot reasonably prepare a response. *Id*. In view of the notice pleading standards of Fed. R. Civ. P. 8 and the opportunity for extensive pretrial discovery, courts rarely grant such motions. *Id.* A motion under Rule 12(e) should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id*.

As explained above, the Court finds that Defendant Andrews' First Amended Counter-Complaint sufficiently alleges defamation at this stage of the litigation and sufficiently offers notice to Plaintiff as to what matters are alleged, even if those matters must be further explored during discovery. The Counter-Complaint is not so excessively vague and ambiguous as to be unintelligible or as to prejudice Plaintiff seriously in attempting to answer it.

## ANTI-SLAPP STATUTE

Plaintiff claims that Defendant Andrews abandoned his prior defamation theory in favor of a new one and, therefore, she seeks an award of attorneys' fees and costs pursuant to Tennessee's Anti-SLAPP statute, Tenn. Code Ann. § 4-21-1003. That law provides that any person who, in furtherance of such person's right of free speech or petition under the Tennessee or U.S. Constitution, in connection with a public or governmental issue, communicates information regarding another person to any agency of the federal, state or local government regarding a matter of concern to that agency shall be immune from civil liability on claims based upon the communication to the agency.

7

Plaintiff's request is premature. Once this case is completed, Plaintiff may, if appropriate, file a motion to request fees and costs in accordance with the Local Rules of Court.

The Court notes, in addition, that the immunity provided by this statute does not apply if, as alleged in this case, the person communicating such information knew the information to be false, communicated information in reckless disregard of its falsity, or acted negligently in failing to ascertain the falsity of the information if such information pertains to a person other than a public figure. Tenn. Code Ann. § 4-21-1003(b).

## CONCLUSION

Plaintiff is seeking relief prematurely. It may be that, after discovery, some or all of Defendant Andrews' claims will be dismissed - or they may not be. It is too early in the litigation to determine the merits of these allegations, and for purposes of a Motion to Dismiss, Defendant has adequately pled his claims.

For all these reasons, Plaintiff's Motion for a More Definitive Statement and Motion to Dismiss Defendant Andrews' First Amended Counter-Complaint (Docket No. 47) are DENIED, with the exception of any claim of "continuing defamation," which is dismissed.

IT IS SO ORDERED.

                                                            _____
                                                            TODD J. CAMPBELL
                                                            UNITED STATES DISTRICT JUDGE